**Gricelda ROSSETTO, Plaintiff–Appellant,**

v.

**WELLS FARGO HOME MORTGAGE, INC.; et al., Defendants–Appellees.**

**No. 14–16051.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2016.*

Filed May 19, 2016.

Mitchell Lee Posin, Posin & Posin, Las Vegas, NV, for Plaintiff–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Robin E. Perkins, Kelly Harrison Dove, Esquire, Snell & Wilmer, LLP, Las Vegas, NV, Amy F. Sorenson, Snell & Wilmer LLP, Salt Lake City, UT, for Defendants–Appellees.

Before: McKEOWN and FRIEDLAND, Circuit Judges and LEFKOW,** Senior District Judge.

## MEMORANDUM ***

Gricelda Rossetto appeals from the district court's dismissal of her complaint against Wells Fargo Bank, N.A.[1] and Mortgage Electronic Registration Systems, Inc. (MERS), to quiet title on her mortgaged property based on claimed false recordation of trust deed documents. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo a district court's decision to dismiss for failure to state a claim. *Coal. to Defend Affirmative Action v. Brown,* 674 F.3d 1128, 1133 (9th Cir. 2012). On this appeal, however, Rossetto takes no issue with any of the district court's reasons for dismissal.[2] Instead, she argues for the first time that this court should recognize a Nevada right of action by analogy to an Arizona statute imposing liability on a person who records a false or forged lien or encumbrance against real property. Ariz. Rev Stat. § 33–420. She relies vaguely on *In re MERS,* 754 F.3d 772, 781–84 (9th Cir.2014), which reversed

a judgment dismissing a claim in light of the Arizona Court of Appeals' interpretation of § 33–420 in *Stauffer v. U.S. Bank National Association,* 233 Ariz. 22, 308 P.3d 1173, 1178 (Ariz.Ct.App.2013) (holding "that an action to clear title of a false or fraudulent document that asserts an interest in real property may be joined with an action for damages under § 33–420.A").

Although we have discretion to consider issues of law raised for the first time on appeal, *see, e.g., Myers v. Merrill Lynch & Co.,* 249 F.3d 1087, 1088 (9th Cir.2001), we decline to do so in this case, because this is not a case where "the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *United States v. Carlson,* 900 F.2d 1346, 1349 (9th Cir.1990).

Likewise, the district did not abuse its discretion in dismissing with prejudice after Rossetto acquiesced in a motion to lift the automatic stay in her bankruptcy proceeding, failed in both quiet title actions to oppose a motion to dismiss, raises no substantive error on appeal, and even at this late date proffers no facts in support of a viable cause of action under Nevada law. *See Coal. to Defend Affirmative Action,* 674 F.3d at 1133 (reviewing decision to dismiss with prejudice for an abuse of discretion).

**AFFIRMED.**

---

** The Honorable Joan H. Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Wells Fargo was improperly named in the complaint as Wells Fargo Home Mortgage.

2. Her failure to raise issues in the district court and arguments in her opening brief results in their waiver. *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).